■ In the Matter of the Claim of Anthony Del Vecchio, Respondent, against Peter Del Vecchio et al., Respondents, and New Amsterdam Casualty Company, Appellant. Workmen's Compensation Board, Respondent.— Appeal from decision of board by the carrier contending there was no insurance coverage and in any event, failure of notice in accordance with section 28 of the Workmen's Compensation Law. Peter and Mary Del Vecchio owned a building at 371–377 Smith Street, City of Rochester, New York. In 1941 they started a business known as "Mary's Linen Shop" in part of the building and took out workmen's compensation insurance coverage. In 1945 the remainder of the building was occupied when they started a new business known as "Dell's Appliance Store". There were separate outside entrances to each store but an archway inside made access from one store to the other readily available and the record seems to infer a commingling to the extent that except for the assumed names, there was a common denomination, that is Peter and Mary Del Vecchio. The claimant worked for both enterprises although he was paid by "Dell's Appliance Store". On April 21, 1952, the claimant, Anthony Del Vecchio, son of the owners, fell from a scaffold and according to the employer's report, made within a week thereafter, fractured his right arm while making some repairs to that part of the building described as "377 Smith Street". At the time of the accident the appellant carrier had issued a policy to Peter and Mary Del Vecchio doing business as "Mary's Linen Shop", 371 Smith Street. Prior to making the repairs, one of the owners, Peter Del Vecchio, contacted his insurance broker, told him of the work to be done and upon the occasion of his visit showed him that part of the building to be repaired and that he wanted compensation insurance. The broker in turn went to the general agent and said "We have a client that has a compensation policy on the building we carry the business liability, carry all the insurance, and he would like some compensation on the remodeling job". He further testified "We endorsed the policy at the time we were writing the compensation, which was the Mary's Linen Shop, to take care of this remodeling job." He also testified that at the time "Dell's Appliance" had no compensation insurance and that was the reason it was "amended" to the policy of the Linen Shop. An indorsement for the work was written by the carrier and attached to the policy of "Mary's Linen Shop". After completion of the work an audit was made and the additional cost was paid by the Del

Vecchios. The auditor testified he was familiar with the premises and went there to inspect the books of "Mary's Linen Shop". The claimant was paid his wages while incapacitated and made no claim for compensation. Upon receipt of employer's report of injury, a notice of controversy was filed by the carrier and in November, 1954 — more than two years after the accident — the claim was dismissed for failure to prosecute. In March, 1956, upon application of the attorney for claimant, the case was reopened at which time the carrier raised the issue of coverage. We have determined at this term in another case, *Matter of Allen* v. *Fisher* (10 A D 2d 421) that an insurance broker, such as here, is the agent of the insured and he was, accordingly, acting for Del Vecchio and not the New Amsterdam Casualty Company when he instructed the general agent to indorse the Linen Shop policy. Whether this was intended to avoid writing a new policy with the increased cost, a time-saving device or a simple mistake — which is unlikely — is of no help to Del Vecchio as to coverage by the carrier. There is no showing on this record of a mistake by the carrier or any misunderstanding for which it might be chargeable. Having decided there was no coverage by the carrier, it is not necessary to reach the question of notice under section 28, advance payment of compensation, and the further claim — first broached May, 1953 — of a back injury. Decision and award modified by discharging appellant carrier from responsibility for the award; and by remitting the claim to the board for further consideration as to responsibility of employer, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.